**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re *Ex Parte* Application of Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, <br><br> Petitioners. | Case No. 24-MC-546 (JPO) |

## ORDER APPROVING APPLICATION OF PETRONAS AZERBAIJAN (SHAH DENIZ) S.À R.L AND PETRONAS SOUTH CAUCASUS S.À R.L, PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

This case comes before the Court on the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (the "**Application**"), filed by Petitioners Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l on November 21, 2024. This Court, having reviewed the Application, the Memorandum of Law in support thereof, the Declaration of Gonzalo S. Zeballos, together with the exhibits attached thereto, and the proposed subpoenas, finds that (1) the statutory requirements of 28 U.S.C. § 1782 are satisfied, and (2) the factors identified by the Supreme Court of the United States in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting Petitioners' Application.

It is therefore ORDERED that Petitioners are granted leave to serve the subpoenas attached as Exhibits B–E to the Application on: Barclays Bank PLC; A. Elizabeth Korchin; Fiona Hill-Samuel; and William H. Weisman, respectively. This Order is entered without prejudice to the filing of any objections to the subpoenas.

SO ORDERED.

Dated:  November 26, 2024
        New York, New York

_____
          J. PAUL OETKEN
     United States District Judge

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

In re Ex Parte Application of Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,

Southern District of New York

|  |  |
|---|---|
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
|  | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Barclays Bank PLC, 745 Seventh Avenue, New York, New York 10019

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

| Place: Baker & Hostetler LLP, Attn: Oren J. Warshavsky, 45 Rockefeller Plaza, New York, New York 10111 | Date and Time: Within 20 days after service |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 21, 2024

**CLERK OF COURT**

OR

/s/ Oren J. Warshavsky

_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l, who issues or requests this subpoena, are: Oren J. Warshavsky, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111 owarshavsky@bakerlaw.com, 212-589-4200

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      Unless otherwise defined herein, the rules of construction and definitions in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to this Exhibit A.

2.      The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence and should be construed in the broadest sense permissible.  Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made.  Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "document(s)" encompasses electronically stored information ("ESI") including but not limited to "email," "voice mail," "text messages," digital images and graphics, digital or

analog audiotapes and files, and digital or analog videotapes and files.

3.      The word "person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

4.      As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

5.      The term "you" and "your" refers to Barclays and its Affiliated Persons, including but not limited to any predecessor or successor thereof.

6.      The term the "Therium Group" refers to the global litigation funder doing business under that name, including all persons, holding companies, and Affiliated Persons comprising Therium's global corporate structure, including, but not limited to, Evergreen Parent GP, LLC, AmTrust Financial Services, Inc., Therium Capital Management (USA) Inc., Therium Capital Management Ltd, Therium Litigation Funding IC, Therium, Inc., Therium UK Holdings Limited, Therium Finance IC, Therium Finance ICC, CF Taurus US LLC, CF Taurus Cayman Ltd, Therium Litigation Finance Inc., Therium Litigation Finance A IC, Therium Litigation Finance AF LLC, Therium Finance Atlas ICC, Therium Litigation Finance Atlas FP IC, Therium Litigation Finance Atlas AF LLC, Therium Litigation Finance Atlas AF IC, Therium Litigation Finance Atlas FP LLC,

Atlas AF P IC, Therium Litigation Finance Atlas AP LLC, Therium Litigation Finance Atlas AP IC, Therium Litigation Finance Atlas AFP IC, Therium Litigation Finance Atlas AFP LLC, Therium Litigation Finance Atlas P LLC, Therium Litigation Finance Atlas P IC, Therium Litigation Finance A LLC, Therium Litigation Finance F LLC, Therium Litigation Fin A AFP LLC, Connection Capital LLP, Eric Blinderman, Neil Purslow, Patrick Dempsey, Robert Dwyer, and Therium Group Holdings Limited.

7.      The term "Sulu Claimants" refers to each of Nurhima Kiram Fornan, Fuad A Kiram, Sheramar T Kiram, Permaisuli Kiram-Guerzon, Taj-Mahal Kiram-Tarsum Nuqui, Ahmad Narzad Kiram Sampang, Jenny KA Sampang and Widz-Raunda Kiram Sampang and their respective Affiliated Persons, including, but not limited to, Paul Cohen, Elisabeth Mason, Fota Global Ltd, Anaraa Consulting Ltd, Anaraa Law Ltd (formerly known as Duncan, Cohen Legal Limited), Paul Cohen Limited, Romulo Mabanta Buenaventura Sayoc & De Los Angeles, and/or anyone else acting on behalf of or for the benefit of the Sulu Claimants.

8.      The term "Sulu Sultanate" refers to the former Sunni Muslim sultanate, the representatives of which, beginning in 1878, entered into a series of agreements whereby certain territories, now known as Sabah, were purportedly leased to the British North Borneo Company, and any legal or natural person currently claiming to be the heirs of the Sulu Sultanate or otherwise represent the Sulu Sultanate or its interests and Affiliated Persons thereof.

9.      The term "Arbitration" refers to the purported arbitration proceedings which initially arose from the Sulu Claimants' filing, on February 1, 2018, of an application for the judicial appointment of an arbitrator before the Civil and Criminal

Chamber of the Superior Court of Justice of Madrid pursuant to Article 15.4 of the

Spanish Arbitration Act 60/2003 and any steps taken to understand, fund, prepare,

develop, outline, and/or in any way advance the Sulu Claimants' claims against Malaysia

prior to the commencement of the aforementioned arbitration proceedings.

10.     The term "Mr. Stampa" refers to Mr. Gonzalo Stampa, who, on May 22,

2019, was initially appointed by the Civil and Criminal Chamber of the Superior Court of

Justice of Madrid as sole arbitrator in the purported Arbitration, and whose appointment as

sole arbitrator was subsequently rendered *void ab initio* by the same Court, and his

Affiliated Persons, including, but not limited to, Stampa Consult SL, Buena Jubilación and

Acción y Gestión de Cobro SL.

11.     The term "Cremades" refers to the Madrid-based law firm B. Cremades y

Asociados located at Calle Goya, 18, 2ª planta 28001, Madrid, Spain, and its Affiliated

Persons, including, but not limited to, Bernardo M. Cremades Sanz-Pastor and Bernardo

M. Cremades Román.

12.     The term "Stampa Abogados" refers to the Madrid-based law firm located

at Cl. de Ayala, 4, Salamanca, 28001 Madrid, Spain, and its Affiliated Persons, including,

but not limited to, Mr. Stampa, Ms. Lola Martin Burillo, Annette Sauvageot.

13.     The term "Mr. Cohen" refers to Mr. Paul Cohen, a lawyer that represents

the Sulu Claimants, and his Affiliated Persons, including, but not limited to, Aequitas

Vera LLC, Seed Pearl LLC, Angela Dorn, Teresa Gomez-Marquez, Denise Delsignore,

and Vincent Delsignore.

14.     The term "Ms. Mason" refers to Ms. Elizabeth Mason, a lawyer that

represents the Sulu Claimants, and her Affiliated Persons, including, but not limited to,

Aequitas Vera LLC, Seed Pearl LLC, Angela Dorn, Teresa Gomez-Marquez, Paul Henri,

Denise Delsignore, and Vincent Delsignore.

15.    The term "Affiliated Person(s)" includes all employees, officers,

executives, consultants, partners, agents (whether legal or natural persons),

representatives, affiliated entities, subsidiaries, parent entities, or related entities,

nominees, and servants.

## **<u>INSTRUCTIONS</u>**

1.    Any document produced in response to this subpoena should be produced

in full, complete, and unedited form, together with all drafts and non-identical copies of

each, and in reasonably accessible electronic form, if practicable.

2.    Whenever the information requested is not readily available in the form

requested but is available, or can more easily be made available in a different form, you

may make the information available in such different form, provided that the information

requested is readily intelligible in such different form made available by you.

3.    Whenever a Request calls for 'documents sufficient to' provide certain

information, you may at your option respond, in lieu of producing documents, by a written

statement of that information verified by you or your representative.

4.    Each Request should be construed so as to make the Request inclusive

rather than exclusive.  Thus, for example, in addition to the rules of construction set forth

in Local Civil Rule 26.3(d), words importing the masculine gender may be applied to

females and vice versa.

5.    If you object to a Request, state the legal and factual basis for the objection,

describe the information or documents that you propose to withhold pursuant to that

objection, and fully answer all portions of the Request not objected to.

      6.     If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the information specified in Local Civil Rule 26.2 in writing at the time of your response to these Requests.

      7.     Unless otherwise specified below, the relevant time period for the following Requests is from February 1, 2016 to the present.

      8.     In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case.  If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

## DOCUMENT REQUESTS

   YOU are hereby requested to produce the following:

      1.     Documents sufficient to identify any bank accounts held by You belonging to or beneficially held by any member of the Therium Group.

      2.     Documents sufficient to identify any bank accounts held by You belonging to or beneficially held by the Sulu Claimants.

      3.     Documents sufficient to identify any bank accounts held by You belonging to or beneficially held by the Sulu Sultanate.

4.      Documents sufficient to identify any bank accounts held by You belonging to or beneficially held by Mr. Stampa.

5.      Documents sufficient to identify any bank accounts held by You belonging to or beneficially held by Stampa Abogados.

6.      Documents sufficient to identify any bank accounts held by You belonging to or beneficially held by Cremades.

7.      Documents sufficient to identify any bank accounts held by You belonging to or beneficially held by Mr. Cohen.

8.      Documents sufficient to identify any bank accounts held by You belonging to or beneficially held by Ms. Mason.

9.      All documents relating to any money transfers, whether direct or indirect, between any member of the Therium Group and the Sulu Claimants, including, but not limited to, any wire transactions where any or all of the individual Sulu Claimants is listed as the sender, originator, beneficiary or ultimate beneficiary.

10.      All documents relating to any money transfers, whether direct or indirect, between any member of the Therium Group and the Sulu Sultanate, including, but not limited to, any wire transactions where the Sulu Sultanate is listed as the sender, originator, beneficiary or ultimate beneficiary.

11.      All documents relating to any money transfers, whether direct or indirect, between any member of the Therium Group and Mr. Stampa, including, but not limited to, any wire transactions where Mr. Stampa is listed as the sender, originator, beneficiary or ultimate beneficiary.

12.      All documents relating to any money transfers, whether direct or indirect,

between any member of the Therium Group and Stampa Abogados, including, but not limited to, any wire transactions where Stampa Abogados is listed as the sender, originator, beneficiary or ultimate beneficiary.

13.    All documents relating to any money transfers, whether direct or indirect, between any member of the Therium Group and Cremades, including, but not limited to, any wire transactions where Cremades is listed as the sender, originator, beneficiary or ultimate beneficiary.

14.    All documents relating to any money transfers, whether direct or indirect, between any member of the Therium Group and Mr. Cohen, including, but not limited to, any wire transactions where Mr. Cohen is listed as the sender, originator, beneficiary or ultimate beneficiary.

15.    All documents relating to any money transfers, whether direct or indirect, between any member of the Therium Group and Ms. Mason, including, but not limited to, any wire transactions where Ms. Mason is listed as the sender, originator, beneficiary or ultimate beneficiary.

16.    All documents relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, all dollar-denominated transactions, between any bank accounts owned or controlled, either directly or indirectly, by any of the following parties: the Sulu Claimants; the Sulu Sultanate; Mr. Stampa; Stampa Abogados; Cremades; Mr. Cohen; and/or Ms. Mason.

# EXHIBIT C

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

In re Ex Parte Application of Petronas
Azerbaijan (Shah Deniz) S.à r.l and
Petronas South Caucasus S.à r.l, pursuant
to 28 U.S.C. § 1782 to Conduct Discovery
for Use in Foreign Proceedings,

for the

Southern District of New York

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    A. Elizabeth Korchin, EQQO Inc., 1350 Avenue of the Americas, New York, New York 10019

*(Name of person to whom this subpoena is directed)*

X  *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Baker& Hostetler LLP, Attn:Oren J. Warshavsky 45 Rockefeller Plaza, New York, New York 10111 | Date and Time: Within 20 days after service |
|---|---|

The deposition will be recorded by this method:    Audiovisual or Stenographic Means

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 21, 2024

| | OR | |
|---|---|---|
| CLERK OF COURT | | /s/ Oren J. Warshavsky |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Petronas
Azerbaijan (Shah Deniz) S.à.r.l. and Petronas South Caucasus S.à.r.l.    , who issues or requests this subpoena, are:

Oren J. Warshavsky, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111
owarshavsky@bakerlaw.com, 212 589-4200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

In re Ex Parte Application of Petronas
Azerbaijan (Shah Deniz) S.à r.l and
Petronas South Caucasus S.à r.l, pursuant
to 28 U.S.C. § 1782 to Conduct Discovery
for Use in Foreign Proceedings,

_____
*Plaintiff*
**v.**
_____
*Defendant*

Southern District of New York

)
)
)
)
)
)
)

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: A. Elizabeth Korchin, EQQO Inc., 1350 Avenue of the Americas, New York, New York 10019

_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

| Place: Baker & Hostetler LLP, Attn: Oren J. Warshavsky, 45 Rockefeller Plaza, New York, New York 10111 | Date and Time:<br>Within 20 days after service |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>November 21, 2024</u>

*CLERK OF COURT*

OR

_____          /s/ Oren J. Warshavsky
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l, who issues or requests this subpoena, are: Oren J. Warshavsky, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111 owarshavsky@bakerlaw.com, 212-589-4200

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      Unless otherwise defined herein, the rules of construction and definitions in

Local Civil Rule 26.3 of the United States District Court for the Southern District of New

York apply to this Exhibit A.

2.      The word "document(s)" includes all "writings," "recordings," and

"photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence and

should be construed in the broadest sense permissible.  Accordingly, "document(s)" includes,

but is not limited to, all written, printed, recorded or graphic matter, photographic matter,

sound reproductions, or other retrievable data (whether recorded, taped, or coded

electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact

disk, primary or backup tape, audio tape or video tape) from whatever source derived and

however and by whomever prepared, produced, reproduced, disseminated or made.  Without

limiting the generality of the foregoing, "document(s)" includes the original and any non-

identical copy and also every draft and proposed draft of all correspondence, internal

memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports,

transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests,

reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer

printouts, and any other writings or documentary materials of any nature whatsoever, whether

or not divulged to other parties, together with any attachments thereto and enclosures

therewith.  In addition, the word "document(s)" encompasses electronically stored

information ("ESI") including but not limited to "email," "voice mail," "text messages,"

digital images and graphics, digital or analog audiotapes and files, and digital or analog

videotapes and files.

3.      The term "person(s)" includes not only natural persons, but also firms,

partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures,

proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local

governments or government agencies, offices, bureaus, departments, or entities; other legal,

business or government entities; and all subsidiaries, affiliates, divisions, departments,

branches, and other units thereof or any combination thereof.

4.     As used herein, any reference to any "person" includes the present and former

officers, executives, partners, directors, trustees, employees, attorneys, agents,

representatives, and all other persons acting or purporting to act on behalf of the person and

also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

5.     The term "you" and "your" refers to A. Elizabeth Korchin, and her Affiliated

Persons.

6.     The term the "Therium Group" refers to the global litigation funder doing

business under that name, including all persons, holding companies, and Affiliated Persons

comprising Therium's global corporate structure, including, but not limited to, Evergreen

Parent GP, LLC, AmTrust Financial Services, Inc., Therium Capital Management (USA) Inc.,

Therium Capital Management Ltd, Therium Litigation Funding IC, Therium, Inc., Therium

UK Holdings Limited, Therium Finance IC, Therium Finance ICC, CF Taurus US LLC, CF

Taurus Cayman Ltd, Therium Litigation Finance Inc., Therium Litigation Finance A IC,

Therium Litigation Finance AF LLC, Therium Finance Atlas ICC, Therium Litigation

Finance Atlas FP IC, Therium Litigation Finance Atlas AF LLC, Therium Litigation Finance

Atlas AF IC, Therium Litigation Finance Atlas FP LLC, Atlas AF P IC, Therium Litigation

Finance Atlas AP LLC, Therium Litigation Finance Atlas AP IC, Therium Litigation Finance

Atlas AFP IC, Therium Litigation Finance Atlas AFP LLC, Therium Litigation Finance Atlas

P LLC, Therium Litigation Finance Atlas P IC, Therium Litigation Finance A LLC, Therium

Litigation Finance F LLC, Therium Litigation Fin A AFP LLC, Connection Capital LLP, Eric

Blinderman, Neil Purslow, Patrick Dempsey, Robert Dwyer, and Therium Group Holdings Limited.

7.    The term "Sulu Claimants" refers to each of Nurhima Kiram Fornan, Fuad A Kiram, Sheramar T Kiram, Permaisuli Kiram-Guerzon, Taj-Mahal Kiram-Tarsum Nuqui, Ahmad Narzad Kiram Sampang, Jenny KA Sampang and Widz-Raunda Kiram Sampang and their respective Affiliated Persons, including, but not limited to, Paul Cohen, Elisabeth Mason, Fota Global Ltd, Anaraa Consulting Ltd, Anaraa Law Ltd (formerly known as Duncan, Cohen Legal Limited), Paul Cohen Limited, Romulo Mabanta Buenaventura Sayoc & De Los Angeles, and/or anyone else acting on behalf of or for the benefit of the Sulu Claimants.

8.    The term "Sulu Sultanate" refers to the former Sunni Muslim sultanate, the representatives of which, beginning in 1878, entered into a series of agreements whereby certain territories, now known as Sabah, were purportedly leased to the British North Borneo Company, and any legal or natural person currently claiming to be the heirs of the Sulu Sultanate or otherwise represent the Sulu Sultanate or its interests and Affiliated Persons thereof.

9.    The term "Arbitration" refers to the purported arbitration proceedings which initially arose from the Sulu Claimants' filing, on February 1, 2018, of an application for the judicial appointment of an arbitrator before the Civil and Criminal Chamber of the Superior Court of Justice of Madrid pursuant to Article 15.4 of the Spanish Arbitration Act 60/2003 and any steps taken to understand, fund, prepare, develop, outline, and/or in any way advance the Sulu Claimants' claims against Malaysia prior to the commencement of the aforementioned arbitration proceedings.

10.    The term "Partial Award" refers to the Preliminary Award on Jurisdiction and Applicable Substantive Law issued by Mr. Stampa on May 25, 2020 in Madrid pursuant

to which Mr. Stampa concluded, amongst other things, that he had jurisdiction to adjudicate the Sulu Claimants' claims against Malaysia.

11.     The term "Final Award" refers to the final award issued by Mr. Stampa on February 28, 2022 in Paris that purports to order Malaysia to pay the restitution value of the rights over the allegedly leased territory along North Borneo.

12.     The term "Awards" refers to the Partial Award and Final Award.

13.     The term "Mr. Stampa" refers to Mr. Gonzalo Stampa, who, on May 22, 2019, was initially appointed by the Civil and Criminal Chamber of the Superior Court of Justice of Madrid as sole arbitrator in the purported Arbitration, and whose appointment as sole arbitrator was subsequently rendered *void ab initio* by the same Court, and his Affiliated Persons, including, but not limited to, Stampa Consult SL, Buena Jubilación and Acción y Gestión de Cobro SL.

14.     The term "Cremades" refers to the Madrid-based law firm B. Cremades y Asociados located at Calle Goya, 18, 2ª planta 28001, Madrid, Spain, and its Affiliated Persons, including, but not limited to, Bernardo M. Cremades Sanz-Pastor and Bernardo M. Cremades Román.

15.     The term "Stampa Abogados" refers to the Madrid-based law firm located at Cl. de Ayala, 4, Salamanca, 28001 Madrid, Spain, and its Affiliated Persons, including, but not limited to, Mr. Stampa, Ms. Lola Martin Burillo, Annette Sauvageot.

16.     The term "Mr. Cohen" refers to Mr. Paul Cohen, a lawyer that represents the Sulu Claimants, and his Affiliated Persons, including, but not limited to, Aequitas Vera LLC, Seed Pearl LLC, Angela Dorn, Teresa Gomez-Marquez, and Vincent Delsignore.

17.     The term "Ms. Mason" refers to Ms. Elizabeth Mason, a lawyer that represents the Sulu Claimants, and her Affiliated Persons, including, but not limited to, Aequitas Vera LLC, Seed Pearl LLC, Angela Dorn, Teresa Gomez-Marquez, Denise Delsignore, and

Vincent Delsignore.

18.     The term "Affiliated Person(s)" includes all employees, officers, executives, consultants, partners, agents (whether legal or natural persons), representatives, affiliated entities, subsidiaries, parent entities, or related entities, nominees, and servants.

## INSTRUCTIONS

1.     Any document produced in response to this subpoena should be produced in full, complete, and unedited form, together with all drafts and non-identical copies of each, and in reasonably accessible electronic form, if practicable.

2.     Whenever the information requested is not readily available in the form requested but is available, or can more easily be made available in a different form, you may make the information available in such different form, provided that the information requested is readily intelligible in such different form made available by you.

3.     Whenever a Request calls for 'documents sufficient to' provide certain information, you may at your option respond, in lieu of producing documents, by a written statement of that information verified by you or your representative.

4.     Each Request should be construed so as to make the Request inclusive rather than exclusive.  Thus, for example, in addition to the rules of construction set forth in Local Civil Rule 26.3(d), words importing the masculine gender may be applied to females and vice versa.

5.     If you object to a Request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the Request not objected to.

6.     If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the information specified in Local Civil Rule 26.2 in writing at the time of your response to these Requests.

7.      Unless otherwise specified below, the relevant time period for the following Requests is from February 1, 2016 to the present.

8.      In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case.  If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

## <u>DOCUMENT REQUESTS</u>

YOU are hereby requested to produce the following:

1.      Documents sufficient to identify any financial institutions holding bank accounts belonging to or beneficially held by the Therium Group.

2.       All non-privileged documents and communications arising from, relating to, or in any way concerning, the Sulu Claimants and any of their alleged claims against Malaysia, the Arbitration, and/or the enforcement of the Awards including, but not limited to, the Therium Group's due diligence on, and financial support for, the Sulu Claimants and any of their alleged claims against Malaysia , the Sulu Claimants' filing of an *ex parte* petition with the Tribunal de Grande Instance de Paris for recognition of the Partial Award, and any steps taken subsequent to the petition being granted on September 29, 2021, and Mr. Stampa's purported reseating of the Arbitration from Madrid to Spain on October 11, 2021.

3.      All non-privileged documents and communications between You and the Sulu Claimants.

4.      All non-privileged documents and communications between You and the Sultanate of Sulu.

5.      All non-privileged documents and communications between You and Mr. Stampa.

6.      All non-privileged documents and communications between You and Stampa Abogados.

7.      All non-privileged documents and communications between You and Cremades.

8.      All non-privileged documents and communications between You and Mr. Cohen.

9.      All non-privileged documents and communications between You and Ms. Mason.

10.     All non-privileged documents and communications: (1) between any of the following parties: the Therium Group; Sulu Claimants; the Sulu Sultanate; Mr. Stampa; Stampa Abogados; Mr. Cohen; Ms. Mason; and/or Cremades; or (2) concerning any communications between these parties.

11.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and the Sulu Claimants, including, but not limited to, any wire transactions where any or all of the individual Sulu Claimants is listed as the sender, originator, beneficiary or ultimate beneficiary.

12.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and the Sulu Sultanate, including, but not limited to, any wire transactions where any or all of the individual Sulu Sultanate is listed as the sender, originator, beneficiary or ultimate beneficiary.

13.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Mr. Stampa,

including, but not limited to, any wire transactions where Mr. Stampa is listed as the sender, originator, beneficiary or ultimate beneficiary.

14.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Stampa Abogados, including, but not limited to, any wire transactions where Stampa Abogados is listed as the sender, originator, beneficiary or ultimate beneficiary.

15.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Cremades, including, but not limited to, any wire transactions where Cremades is listed as the sender, originator, beneficiary or ultimate beneficiary.

16.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Mr. Cohen, including but not limited to any wire transactions where Mr. Cohen is listed as the sender, originator, beneficiary or ultimate beneficiary.

17.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Ms. Mason, including but not limited to any wire transactions where Ms. Mason is listed as the sender, originator, beneficiary or ultimate beneficiary.

18.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any bank accounts owned or controlled, either directly

or indirectly, by any of the following parties: the Sulu Claimants; the Sulu Sultanate; Mr. Stampa; Stampa Abogados; Mr. Cohen; Ms. Mason; and/or Cremades.

19.    All non-privileged documents and communications which evidence the extent the level of control and direction that the Therium Group has over the Sulu Claimants' legal strategy, including, but not limited to, the Sulu Claimants' decision to initiate and maintain the Attachments against Petitioners in Luxembourg.

20.    Non-privileged documents and communications sufficient to demonstrate the manner in which documents and other information is shared between members of the Therium Group, including, but not limited to, the manner in which documents and other information is shared between: (1) Therium Group Holdings Limited; (2) Therium Capital Management (USA) Inc.; and (3) Therium Capital Management Ltd.

# EXHIBIT D

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

In re Ex Parte Application of Petronas
Azerbaijan (Shah Deniz) S.à r.l and
Petronas South Caucasus S.à r.l, pursuant
to 28 U.S.C. § 1782 to Conduct Discovery
for Use in Foreign Proceedings,

for the

Southern District of New York

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Fiona Hill-Samuel, Wells Fargo-Business Execution Services,150 E. 42nd Street, New York, New York 10017

*(Name of person to whom this subpoena is directed)*

X   *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Baker& Hostetler LLP, Attn:Oren J. Warshavsky<br>45 Rockefeller Plaza, New York, New York 10111 | Date and Time: Within 20 days after service |
|---|---|

The deposition will be recorded by this method:   Audiovisual or Stenographic Means

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   November 21, 2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | /s/ Oren J. Warshavsky |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Petronas Azerbaijan (Shah Deniz) S.à.r.l. and Petronas South Caucasus S.à.r.l.   , who issues or requests this subpoena, are:

Oren J. Warshavsky, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111
owarshavsky@bakerlaw.com, 212 589-4200

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                    _____
                                                          *Printed name and title*

                                                    _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

In re Ex Parte Application of Petronas
Azerbaijan (Shah Deniz) S.à r.l and
Petronas South Caucasus S.à r.l, pursuant
to 28 U.S.C. § 1782 to Conduct Discovery
for Use in Foreign Proceedings,

Southern District of New York

|  |  |
|---|---|
| *Plaintiff* | ) ) ) |
| v. | ) ) ) ) |
| *Defendant* | |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Fiona Hill-Samuel, Wells Fargo-Business Execution Services, 150 E. 42nd Street New York, New York 10017

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

| Place: Baker & Hostetler LLP, Attn: Oren J. Warshavsky, 45 Rockefeller Plaza, New York, New York 10111 | Date and Time: Within 20 days after service |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>November 21, 2024</u>

*CLERK OF COURT*

OR

/s/ Oren J. Warshavsky

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
<u>Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l,</u> who issues or requests this subpoena, are: Oren J. Warshavsky, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111
owarshavsky@bakerlaw.com, 212-589-4200

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.      Unless otherwise defined herein, the rules of construction and definitions in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to this Exhibit A.

2.      The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence and should be construed in the broadest sense permissible.  Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made.  Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "document(s)" encompasses electronically stored information ("ESI") including but not limited to "email," "voice mail," "text messages," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

3.      The term "person(s)" includes not only natural persons, but also firms,

partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures,
proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local
governments or government agencies, offices, bureaus, departments, or entities; other legal,
business or government entities; and all subsidiaries, affiliates, divisions, departments,
branches, and other units thereof or any combination thereof.

  4.  As used herein, any reference to any "person" includes the present and former
officers, executives, partners, directors, trustees, employees, attorneys, agents,
representatives, and all other persons acting or purporting to act on behalf of the person and
also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

  5.  The term "you" and "your" refers to Fiona Hill-Samuel, and her Affiliated
Persons.

  6.  The term the "Therium Group" refers to the global litigation funder doing
business under that name, including all persons, holding companies, and Affiliated Persons
comprising Therium's global corporate structure, including, but not limited to, Evergreen
Parent GP, LLC, AmTrust Financial Services, Inc., Therium Capital Management (USA) Inc.,
Therium Capital Management Ltd, Therium Litigation Funding IC, Therium, Inc., Therium
UK Holdings Limited, Therium Finance IC, Therium Finance ICC, CF Taurus US LLC, CF
Taurus Cayman Ltd, Therium Litigation Finance Inc., Therium Litigation Finance A IC,
Therium Litigation Finance AF LLC, Therium Finance Atlas ICC, Therium Litigation
Finance Atlas FP IC, Therium Litigation Finance Atlas AF LLC, Therium Litigation Finance
Atlas AF IC, Therium Litigation Finance Atlas FP LLC, Atlas AF P IC, Therium Litigation
Finance Atlas AP LLC, Therium Litigation Finance Atlas AP IC, Therium Litigation Finance
Atlas AFP IC, Therium Litigation Finance Atlas AFP LLC, Therium Litigation Finance Atlas
P LLC, Therium Litigation Finance Atlas P IC, Therium Litigation Finance A LLC, Therium
Litigation Finance F LLC, Therium Litigation Fin A AFP LLC, Connection Capital LLP, Eric

Blinderman, Neil Purslow, Patrick Dempsey, Robert Dwyer, and Therium Group Holdings Limited.

7.    The term "Sulu Claimants" refers to each of Nurhima Kiram Fornan, Fuad A Kiram, Sheramar T Kiram, Permaisuli Kiram-Guerzon, Taj-Mahal Kiram-Tarsum Nuqui, Ahmad Narzad Kiram Sampang, Jenny KA Sampang and Widz-Raunda Kiram Sampang and their respective Affiliated Persons, including, but not limited to, Paul Cohen, Elisabeth Mason, Fota Global Ltd, Anaraa Consulting Ltd, Anaraa Law Ltd (formerly known as Duncan, Cohen Legal Limited), Paul Cohen Limited, Romulo Mabanta Buenaventura Sayoc & De Los Angeles, and/or anyone else acting on behalf of or for the benefit of the Sulu Claimants.

8.    The term "Sulu Sultanate" refers to the former Sunni Muslim sultanate, the representatives of which, beginning in 1878, entered into a series of agreements whereby certain territories, now known as Sabah, were purportedly leased to the British North Borneo Company, and any legal or natural person currently claiming to be the heirs of the Sulu Sultanate or otherwise represent the Sulu Sultanate or its interests and Affiliated Persons thereof.

9.    The term "Arbitration" refers to the purported arbitration proceedings which initially arose from the Sulu Claimants' filing, on February 1, 2018, of an application for the judicial appointment of an arbitrator before the Civil and Criminal Chamber of the Superior Court of Justice of Madrid pursuant to Article 15.4 of the Spanish Arbitration Act 60/2003 and any steps taken to understand, fund, prepare, develop, outline, and/or in any way advance the Sulu Claimants' claims against Malaysia prior to the commencement of the aforementioned arbitration proceedings.

10.    The term "Partial Award" refers to the Preliminary Award on Jurisdiction and Applicable Substantive Law issued by Mr. Stampa on May 25, 2020 in Madrid pursuant

to which Mr. Stampa concluded, amongst other things, that he had jurisdiction to adjudicate the Sulu Claimants' claims against Malaysia.

11.    The term "Final Award" refers to the final award issued by Mr. Stampa on February 28, 2022 in Paris that purports to order Malaysia to pay the restitution value of the rights over the allegedly leased territory along North Borneo.

12.    The term "Awards" refers to the Partial Award and Final Award.

13.    The term "Mr. Stampa" refers to Mr. Gonzalo Stampa, who, on May 22, 2019, was initially appointed by the Civil and Criminal Chamber of the Superior Court of Justice of Madrid as sole arbitrator in the purported Arbitration, and whose appointment as sole arbitrator was subsequently rendered *void ab initio* by the same Court, and his Affiliated Persons, including, but not limited to, Stampa Consult SL, Buena Jubilación and Acción y Gestión de Cobro SL.

14.    The term "Cremades" refers to the Madrid-based law firm B. Cremades y Asociados located at Calle Goya, 18, 2ª planta 28001, Madrid, Spain, and its Affiliated Persons, including, but not limited to, Bernardo M. Cremades Sanz-Pastor and Bernardo M. Cremades Román.

15.    The term "Stampa Abogados" refers to the Madrid-based law firm located at Cl. de Ayala, 4, Salamanca, 28001 Madrid, Spain, and its Affiliated Persons, including, but not limited to, Mr. Stampa, Ms. Lola Martin Burillo, Annette Sauvageot.

16.    The term "Mr. Cohen" refers to Mr. Paul Cohen, a lawyer that represents the Sulu Claimants, and his Affiliated Persons, including, but not limited to, Aequitas Vera LLC, Seed Pearl LLC, Angela Dorn, Teresa Gomez-Marquez, and Vincent Delsignore.

17.    The term "Ms. Mason" refers to Ms. Elizabeth Mason, a lawyer that represents the Sulu Claimants, and her Affiliated Persons, including, but not limited to, Aequitas Vera LLC, Seed Pearl LLC, Angela Dorn, Teresa Gomez-Marquez, Denise Delsignore, and

Vincent Delsignore.

18.     The term "Affiliated Person(s)" includes all employees, officers, executives, consultants, partners, agents (whether legal or natural persons), representatives, affiliated entities, subsidiaries, parent entities, or related entities, nominees, and servants.

## INSTRUCTIONS

1.     Any document produced in response to this subpoena should be produced in full, complete, and unedited form, together with all drafts and non-identical copies of each, and in reasonably accessible electronic form, if practicable.

2.     Whenever the information requested is not readily available in the form requested but is available, or can more easily be made available in a different form, you may make the information available in such different form, provided that the information requested is readily intelligible in such different form made available by you.

3.     Whenever a Request calls for 'documents sufficient to' provide certain information, you may at your option respond, in lieu of producing documents, by a written statement of that information verified by you or your representative.

4.     Each Request should be construed so as to make the Request inclusive rather than exclusive.  Thus, for example, in addition to the rules of construction set forth in Local Civil Rule 26.3(d), words importing the masculine gender may be applied to females and vice versa.

5.     If you object to a Request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the Request not objected to.

6.     If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the information specified in Local Civil Rule 26.2 in writing at the time of your response to these Requests.

7.      Unless otherwise specified below, the relevant time period for the following Requests is from February 1, 2016 to the present.

8.      In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case.  If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

## DOCUMENT REQUESTS

YOU are hereby requested to produce the following:

1.      Documents sufficient to identify any financial institutions holding bank accounts belonging to or beneficially held by the Therium Group.

2.       All non-privileged documents and communications arising from, relating to, or in any way concerning, the Sulu Claimants and any of their alleged claims against Malaysia, the Arbitration, and/or the enforcement of the Awards including, but not limited to, the Therium Group's due diligence on, and financial support for, the Sulu Claimants and any of their alleged claims against Malaysia , the Sulu Claimants' filing of an *ex parte* petition with the Tribunal de Grande Instance de Paris for recognition of the Partial Award, and any steps taken subsequent to the petition being granted on September 29, 2021, and Mr. Stampa's purported reseating of the Arbitration from Madrid to Spain on October 11, 2021.

3.      All non-privileged documents and communications between You and the Sulu Claimants.

4.      All non-privileged documents and communications between You and the Sultanate of Sulu.

5.      All non-privileged documents and communications between You and Mr. Stampa.

6.      All non-privileged documents and communications between You and Stampa Abogados.

7.      All non-privileged documents and communications between You and Cremades.

8.      All non-privileged documents and communications between You and Mr. Cohen.

9.      All non-privileged documents and communications between You and Ms. Mason.

10.      All non-privileged documents and communications: (1) between any of the following parties: the Therium Group; Sulu Claimants; the Sulu Sultanate; Mr. Stampa; Stampa Abogados; Mr. Cohen; Ms. Mason; and/or Cremades; or (2) concerning any communications between these parties.

11.      All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and the Sulu Claimants, including, but not limited to, any wire transactions where any or all of the individual Sulu Claimants is listed as the sender, originator, beneficiary or ultimate beneficiary.

12.      All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and the Sulu Sultanate, including, but not limited to, any wire transactions where any or all of the individual Sulu Sultanate is listed as the sender, originator, beneficiary or ultimate beneficiary.

13.      All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Mr. Stampa,

including, but not limited to, any wire transactions where Mr. Stampa is listed as the sender, originator, beneficiary or ultimate beneficiary.

14.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Stampa Abogados, including, but not limited to, any wire transactions where Stampa Abogados is listed as the sender, originator, beneficiary or ultimate beneficiary.

15.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Cremades, including, but not limited to, any wire transactions where Cremades is listed as the sender, originator, beneficiary or ultimate beneficiary.

16.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Mr. Cohen, including but not limited to any wire transactions where Mr. Cohen is listed as the sender, originator, beneficiary or ultimate beneficiary.

17.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Ms. Mason, including but not limited to any wire transactions where Ms. Mason is listed as the sender, originator, beneficiary or ultimate beneficiary.

18.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any bank accounts owned or controlled, either directly

or indirectly, by any of the following parties: the Sulu Claimants; the Sulu Sultanate; Mr. Stampa;

Stampa Abogados; Mr. Cohen; Ms. Mason; and/or Cremades.

19.    All non-privileged documents and communications which evidence the extent the

level of control and direction that the Therium Group has over the Sulu Claimants' legal strategy,

including, but not limited to, the Sulu Claimants' decision to initiate and maintain the Attachments

against Petitioners in Luxembourg.

20.    Non-privileged documents and communications sufficient to demonstrate the manner

in which documents and other information is shared between members of the Therium Group,

including, but not limited to, the manner in which documents and other information is shared

between: (1) Therium Group Holdings Limited; (2) Therium Capital Management (USA) Inc.; and

(3) Therium Capital Management Ltd.

# EXHIBIT E

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

In re Ex Parte Application of Petronas
Azerbaijan (Shah Deniz) S.à r.l and
Petronas South Caucasus S.à r.l, pursuant
to 28 U.S.C. § 1782 to Conduct Discovery
for Use in Foreign Proceedings,

Southern District of New York

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. _____ |
|  | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      William H. Weisman, Parabellum Capital, 810 Seventh Avenue, Suite 1700, New York, New York 10019

*(Name of person to whom this subpoena is directed)*

X  *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Baker& Hostetler LLP, Attn:Oren J. Warshavsky<br>45 Rockefeller Plaza, New York, New York 10111 | Date and Time:    Within 20 days after service |
|---|---|

The deposition will be recorded by this method:  Audiovisual or Stenographic Means

❑  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  November 21, 2024

CLERK OF COURT

OR

_____          /s/ Oren J. Warshavsky
     *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Petronas
Azerbaijan (Shah Deniz) S.à.r.l. and Petronas South Caucasus S.à.r.l.     , who issues or requests this subpoena, are:

Oren J. Warshavsky, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111
owarshavsky@bakerlaw.com, 212 589-4200

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
    **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

In re Ex Parte Application of Petronas
Azerbaijan (Shah Deniz) S.à r.l and
Petronas South Caucasus S.à r.l, pursuant
to 28 U.S.C. § 1782 to Conduct Discovery
for Use in Foreign Proceedings,

Southern District of New York

_____
*Plaintiff*
**v.**
_____
*Defendant*

)
)
)
)
)
)

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: William H. Weisman, Parabellum Capital, 810 Seventh Avenue, Suite 1700, New York, New York 10019
_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

| Place: Baker & Hostetler LLP, Attn: Oren J. Warshavsky, 45 Rockefeller Plaza, New York, New York 10111 | Date and Time: Within 20 days after service |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>November 21, 2024</u>

*CLERK OF COURT*

OR

_____           /s/ Oren J. Warshavsky
*Signature of Clerk or Deputy Clerk*              _____
                                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* <u>Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l,</u> who issues or requests this subpoena, are: Oren J. Warshavsky, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111 owarshavsky@bakerlaw.com, 212-589-4200

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### DEFINITIONS

1.      Unless otherwise defined herein, the rules of construction and definitions in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to this Exhibit A.

2.      The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence and should be construed in the broadest sense permissible.  Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made.  Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "document(s)" encompasses electronically stored information ("ESI") including but not limited to "email," "voice mail," "text messages," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

3.      The term "person(s)" includes not only natural persons, but also firms,

partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures,

proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local

governments or government agencies, offices, bureaus, departments, or entities; other legal,

business or government entities; and all subsidiaries, affiliates, divisions, departments,

branches, and other units thereof or any combination thereof.

4.      As used herein, any reference to any "person" includes the present and former

officers, executives, partners, directors, trustees, employees, attorneys, agents,

representatives, and all other persons acting or purporting to act on behalf of the person and

also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

5.      The term "you" and "your" refers to William H. Weisman, and his Affiliated

Persons.

6.      The term the "Therium Group" refers to the global litigation funder doing

business under that name, including all persons, holding companies, and Affiliated Persons

comprising Therium's global corporate structure, including, but not limited to, Evergreen

Parent GP, LLC, AmTrust Financial Services, Inc., Therium Capital Management (USA) Inc.,

Therium Capital Management Ltd, Therium Litigation Funding IC, Therium, Inc., Therium

UK Holdings Limited, Therium Finance IC, Therium Finance ICC, CF Taurus US LLC, CF

Taurus Cayman Ltd, Therium Litigation Finance Inc., Therium Litigation Finance A IC,

Therium Litigation Finance AF LLC, Therium Finance Atlas ICC, Therium Litigation

Finance Atlas FP IC, Therium Litigation Finance Atlas AF LLC, Therium Litigation Finance

Atlas AF IC, Therium Litigation Finance Atlas FP LLC, Atlas AF P IC, Therium Litigation

Finance Atlas AP LLC, Therium Litigation Finance Atlas AP IC, Therium Litigation Finance

Atlas AFP IC, Therium Litigation Finance Atlas AFP LLC, Therium Litigation Finance Atlas

P LLC, Therium Litigation Finance Atlas P IC, Therium Litigation Finance A LLC, Therium

Litigation Finance F LLC, Therium Litigation Fin A AFP LLC, Connection Capital LLP, Eric

Blinderman, Neil Purslow, Patrick Dempsey, Robert Dwyer, and Therium Group Holdings Limited.

7.      The term "Sulu Claimants" refers to each of Nurhima Kiram Fornan, Fuad A Kiram, Sheramar T Kiram, Permaisuli Kiram-Guerzon, Taj-Mahal Kiram-Tarsum Nuqui, Ahmad Narzad Kiram Sampang, Jenny KA Sampang and Widz-Raunda Kiram Sampang and their respective Affiliated Persons, including, but not limited to, Paul Cohen, Elisabeth Mason, Fota Global Ltd, Anaraa Consulting Ltd, Anaraa Law Ltd (formerly known as Duncan, Cohen Legal Limited), Paul Cohen Limited, Romulo Mabanta Buenaventura Sayoc & De Los Angeles, and/or anyone else acting on behalf of or for the benefit of the Sulu Claimants.

8.      The term "Sulu Sultanate" refers to the former Sunni Muslim sultanate, the representatives of which, beginning in 1878, entered into a series of agreements whereby certain territories, now known as Sabah, were purportedly leased to the British North Borneo Company, and any legal or natural person currently claiming to be the heirs of the Sulu Sultanate or otherwise represent the Sulu Sultanate or its interests and Affiliated Persons thereof.

9.      The term "Arbitration" refers to the purported arbitration proceedings which initially arose from the Sulu Claimants' filing, on February 1, 2018, of an application for the judicial appointment of an arbitrator before the Civil and Criminal Chamber of the Superior Court of Justice of Madrid pursuant to Article 15.4 of the Spanish Arbitration Act 60/2003 and any steps taken to understand, fund, prepare, develop, outline, and/or in any way advance the Sulu Claimants' claims against Malaysia prior to the commencement of the aforementioned arbitration proceedings.

10.     The term "Partial Award" refers to the Preliminary Award on Jurisdiction and Applicable Substantive Law issued by Mr. Stampa on May 25, 2020 in Madrid pursuant

to which Mr. Stampa concluded, amongst other things, that he had jurisdiction to adjudicate the Sulu Claimants' claims against Malaysia.

11.    The term "Final Award" refers to the final award issued by Mr. Stampa on February 28, 2022 in Paris that purports to order Malaysia to pay the restitution value of the rights over the allegedly leased territory along North Borneo.

12.    The term "Awards" refers to the Partial Award and Final Award.

13.    The term "Mr. Stampa" refers to Mr. Gonzalo Stampa, who, on May 22, 2019, was initially appointed by the Civil and Criminal Chamber of the Superior Court of Justice of Madrid as sole arbitrator in the purported Arbitration, and whose appointment as sole arbitrator was subsequently rendered *void ab initio* by the same Court, and his Affiliated Persons, including, but not limited to, Stampa Consult SL, Buena Jubilación and Acción y Gestión de Cobro SL.

14.    The term "Cremades" refers to the Madrid-based law firm B. Cremades y Asociados located at Calle Goya, 18, 2ª planta 28001, Madrid, Spain, and its Affiliated Persons, including, but not limited to, Bernardo M. Cremades Sanz-Pastor and Bernardo M. Cremades Román.

15.    The term "Stampa Abogados" refers to the Madrid-based law firm located at Cl. de Ayala, 4, Salamanca, 28001 Madrid, Spain, and its Affiliated Persons, including, but not limited to, Mr. Stampa, Ms. Lola Martin Burillo, Annette Sauvageot.

16.    The term "Mr. Cohen" refers to Mr. Paul Cohen, a lawyer that represents the Sulu Claimants, and his Affiliated Persons, including, but not limited to, Aequitas Vera LLC, Seed Pearl LLC, Angela Dorn, Teresa Gomez-Marquez, and Vincent Delsignore.

17.    The term "Ms. Mason" refers to Ms. Elizabeth Mason, a lawyer that represents the Sulu Claimants, and her Affiliated Persons, including, but not limited to, Aequitas Vera LLC, Seed Pearl LLC, Angela Dorn, Teresa Gomez-Marquez, Denise Delsignore, and

Vincent Delsignore.

18.     The term "Affiliated Person(s)" includes all employees, officers, executives, consultants, partners, agents (whether legal or natural persons), representatives, affiliated entities, subsidiaries, parent entities, or related entities, nominees, and servants.

## INSTRUCTIONS

1.     Any document produced in response to this subpoena should be produced in full, complete, and unedited form, together with all drafts and non-identical copies of each, and in reasonably accessible electronic form, if practicable.

2.     Whenever the information requested is not readily available in the form requested but is available, or can more easily be made available in a different form, you may make the information available in such different form, provided that the information requested is readily intelligible in such different form made available by you.

3.     Whenever a Request calls for 'documents sufficient to' provide certain information, you may at your option respond, in lieu of producing documents, by a written statement of that information verified by you or your representative.

4.     Each Request should be construed so as to make the Request inclusive rather than exclusive.  Thus, for example, in addition to the rules of construction set forth in Local Civil Rule 26.3(d), words importing the masculine gender may be applied to females and vice versa.

5.     If you object to a Request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the Request not objected to.

6.     If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the information specified in Local Civil Rule 26.2 in writing at the time of your response to these Requests.

7.      Unless otherwise specified below, the relevant time period for the following Requests is from February 1, 2016 to the present.

8.      In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case.  If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

## DOCUMENT REQUESTS

YOU are hereby requested to produce the following:

1.      Documents sufficient to identify any financial institutions holding bank accounts belonging to or beneficially held by the Therium Group.

2.       All non-privileged documents and communications arising from, relating to, or in any way concerning, the Sulu Claimants and any of their alleged claims against Malaysia, the Arbitration, and/or the enforcement of the Awards including, but not limited to, the Therium Group's due diligence on, and financial support for, the Sulu Claimants and any of their alleged claims against Malaysia , the Sulu Claimants' filing of an *ex parte* petition with the Tribunal de Grande Instance de Paris for recognition of the Partial Award, and any steps taken subsequent to the petition being granted on September 29, 2021, and Mr. Stampa's purported reseating of the Arbitration from Madrid to Spain on October 11, 2021.

3.      All non-privileged documents and communications between You and the Sulu Claimants.

4.     All non-privileged documents and communications between You and the Sultanate of Sulu.

5.     All non-privileged documents and communications between You and Mr. Stampa.

6.     All non-privileged documents and communications between You and Stampa Abogados.

7.     All non-privileged documents and communications between You and Cremades.

8.     All non-privileged documents and communications between You and Mr. Cohen.

9.     All non-privileged documents and communications between You and Ms. Mason.

10.     All non-privileged documents and communications: (1) between any of the following parties: the Therium Group; Sulu Claimants; the Sulu Sultanate; Mr. Stampa; Stampa Abogados; Mr. Cohen; Ms. Mason; and/or Cremades; or (2) concerning any communications between these parties.

11.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and the Sulu Claimants, including, but not limited to, any wire transactions where any or all of the individual Sulu Claimants is listed as the sender, originator, beneficiary or ultimate beneficiary.

12.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and the Sulu Sultanate, including, but not limited to, any wire transactions where any or all of the individual Sulu Sultanate is listed as the sender, originator, beneficiary or ultimate beneficiary.

13.     All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Mr. Stampa,

including, but not limited to, any wire transactions where Mr. Stampa is listed as the sender, originator, beneficiary or ultimate beneficiary.

14.    All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Stampa Abogados, including, but not limited to, any wire transactions where Stampa Abogados is listed as the sender, originator, beneficiary or ultimate beneficiary.

15.    All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Cremades, including, but not limited to, any wire transactions where Cremades is listed as the sender, originator, beneficiary or ultimate beneficiary.

16.    All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Mr. Cohen, including but not limited to any wire transactions where Mr. Cohen is listed as the sender, originator, beneficiary or ultimate beneficiary.

17.    All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any member of the Therium Group and Ms. Mason, including but not limited to any wire transactions where Ms. Mason is listed as the sender, originator, beneficiary or ultimate beneficiary.

18.    All non-privileged documents and communications arising from, or relating to any money transfers, whether direct or indirect, or other transactions, including, but not limited to, any US-dollar denominated transactions, between any bank accounts owned or controlled, either directly

or indirectly, by any of the following parties: the Sulu Claimants; the Sulu Sultanate; Mr. Stampa; Stampa Abogados; Mr. Cohen; Ms. Mason; and/or Cremades.

19.     All non-privileged documents and communications which evidence the extent the level of control and direction that the Therium Group has over the Sulu Claimants' legal strategy, including, but not limited to, the Sulu Claimants' decision to initiate and maintain the Attachments against Petitioners in Luxembourg.

20.     Non-privileged documents and communications sufficient to demonstrate the manner in which documents and other information is shared between members of the Therium Group, including, but not limited to, the manner in which documents and other information is shared between: (1) Therium Group Holdings Limited; (2) Therium Capital Management (USA) Inc.; and (3) Therium Capital Management Ltd.